[No. 11387.   Department One. — May 4, 1888.]

HENRY MOLASKEY, APPELLANT, v. J. W. PEERY, RESPONDENT.

SPECIFIC PERFORMANCE — NON-PAYMENT OF PURCHASE PRICE — DELAY. — The specific performance of a parol agreement for the sale of land refused on account of the non-payment of the purchase price, and of the great delay in the commencement of the action.

APPEAL from a judgment of the Superior Court of Santa Cruz County.

The facts are stated in the opinion of the court.

*Charles B. Younger*, for Appellant.

*W. D. Storey*, for Respondent.

McKINSTRY, J.—This action, commenced November 14, 1883, was brought by plaintiff, as vendee, to enforce a specific performance of a verbal contract for the purchase of a lot of land, made in January, 1875. The contract as found by the court was: —

"That on or about January 1, 1875, plaintiff and defendant entered into a verbal agreement, whereby defendant sold and delivered to plaintiff certain lumber to build a house with, and at the same time, and as part of such verbal agreement, sold to plaintiff the lot of land described in the complaint, for the sum of twenty dol-

lars; that the sale of the lumber and the lot was one agreement, and defendant therein agreed that upon the payment of the sums due for the lumber (which was to be used in building a house on the lot), and the twenty dollars for the lot, that he would execute a deed for said lot, to which plaintiff assented."

The court found further:—

"That about January 15, 1875, plaintiff entered into possession of said lot, and received said lumber under said agreement, and thereafter erected a dwelling-house on said lot with said lumber, and cleared off the said land, and made other improvements on said lot; that thereafter plaintiff paid to defendant twenty dollars as principal, and sixteen dollars as interest, on account of his indebtedness for lumber and said lot, and demanded a deed for said lot, which defendant refused, and ever since has refused, to comply with; the plaintiff's said improvements were of about the value of $120; the value of the lumber aforesaid was seventy dollars; that plaintiff resided on said land with his family until December 29, 1881; that plaintiff has not paid for said lot of land, and the sum of forty dollars was due from plaintiff to defendant on said lumber and said lot when this action was commenced."

It is contended by appellant that the evidence does not sustain the finding that he had not paid the purchase price. But the testimony of the defendant is clear and positive, and if true, the court was justified in finding as it did.

Appellant further contends that the evidence being that a payment made by him of twenty dollars was credited on the general account against him, the law will apply the payment to the charge first made in defendant's books. But if the rule and its application herein be conceded, it does not appear that the first item, in order of dates, charged against the plaintiff, was twenty dollars for the lot.

As the lot had not been paid for when this suit was brought, the delay in commencing the action justified the court in refusing a decree. There is uncontradicted evidence that the land contracted to be sold in January, 1875, for twenty dollars, was worth $150 when the suit was brought, and the court found that the defendant after his recovery of possession in December, 1881, had erected improvements thereon of the value of $325.

January 29, 1878, the present defendant brought an action of ejectment against the plaintiff herein for the recovery of the possession of the lot in controversy in this action, wherein he recovered a judgment in June, 1878. Under an execution issued on that judgment, the defendant herein was placed in possession of the lot on the twenty-eighth day of December, 1881, and he has ever since been in possession thereof.

The present plaintiff was not required to file a cross-complaint in the ejectment, nor to demand a specific performance therein. The judgment in ejectment was not of itself a determination of the equitable rights of the plaintiff herein, if any he had. But the commencement and prosecution of the ejectment is evidence that the present defendant did not consent to any delay in payment for the lot by the present plaintiff after the 27th of January, 1878,—a date nearly six years prior to the commencement of this action.

Judgment and order affirmed.

SEARLS, C. J., and PATERSON, J., concurred.

Hearing in Bank denied.